**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**
**Civil Division**

JOYCE LEE *
45503 Swallow Terrace
Countryside, VA 20165 *

Plaintiff, *

CASE NO.: 26-4438

vs. *

UNITED STATES OF AMERICA *
Serve on:
Todd Blanche, Attorney General *
U.S. Department of Justice
950 Pennsylvania Avenue, NW *
Washington, DC 20530-0001
*
and
*
Kelly Hayes, United States District
Attorney for District of Maryland *
6406 Ivy Lane, Suite 800
Greenbelt, MD 20770 *

Defendant. *

---

**COMPLAINT**
(Negligence)

COMES NOW Plaintiff, Joyce Lee, by and through her attorneys, Aleksandr Shubin, Esq. and Malloy Law Offices, LLC, and brings forth this lawsuit, and in support thereof states as follows:

**PARTIES**

1. Plaintiff is an adult resident of Commonwealth of Virginnia.

2. Defendant United State of America is a government entity, which *inter alia*, includes United States Secret Service, subdivision of Department of Homeland Security.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S. Code § 1346(b)(1).

4. Venue is proper in this judicial district and division pursuant to 28 U.S. Code § 1391(e).

## FACTS COMMON TO ALL COUNTS

5. Paragraphs 1 – 4 (one through four) are incorporated by reference as if fully restated herein.

6. On or about the 31h day of May, 2023, Plaintiff, was stopped in traffic on westbound Democracy Boulevard in Montgomery County, Maryland.

7. That at the same date and time, Defendant USA employee, Jose Montanez, was operating a vehicle owned by Defendant also travelling westbound on Democracy Boulevard.

8 Mr. Montanez failed to control speed of his car and smashed into the back of the car behind Plaintiff's car, pushing it into Plaintiff's car.

9. Plaintiff was injured as a result of the collision.

## COUNT I (Negligence)

*Plaintiff v. Defendant USA*

10. Paragraphs 1 – 9 (one through nine) are incorporated by reference as if fully restated herein.

11. That at all times material hereto, Mr. Montanez was an employee of Defendant USA and was operating the car owned by Defendant USA within the scope of his employment.

12. That at all times material hereto, Mr. Montanez owed duties to the Plaintiff including but not limited to:

(a) to keep said motor vehicle under proper and sufficient control;

(b) to keep a proper lookout;

(c) to exercise ordinary care to avoid a collision;

(d) to yield the right-of-way to another vehicle;

(e) to obey a traffic control device;

(f) to not operate his automobile in a reckless and careless manner;

13. That the said collision was directly and proximately caused by and did result from the recklessness, carelessness, and negligence of Mr. Montanez, including but not limited to the following respects:

(a) in failing to keep said motor vehicle under proper and sufficient control;

(b) in failing to keep a proper lookout;

(c) in failing to exercise ordinary care to avoid a collision;

(d) in failing to yield the right-of-way to another vehicle;

(e) in failing to obey a traffic control device;

(f) in operating his automobile in a reckless and careless manner;

(g) and in other respects not now known to the Plaintiff but which may become known prior to or at the time of the trial.

14 The Plaintiff alleges that all of her losses and damages, past, present and prospective were proximately caused by the negligence of the Defendant's employee without any negligence of the Plaintiff contributing thereto.

15. That at all times relevant hereto the Plaintiff exercised due care for her own safety.

16. Plaintiff would not have sustained said injuries but for Mr. Montanez' negligence.

17. As a direct and proximate result of the aforesaid negligence, Plaintiff sustained injury to all parts of her body, incurred and shall incur medical and out-of-pocket expenses, damage to her

property and lost income.

18 Defendant is liable for its employee's negligence under the Federal Tort Claims Act.

19. Plaintiff has exhausted administrative remedies under the Federal Tort Claims Act.

WHEREFORE, the premises considered, Plaintiff demands the judgment against the Defendant in the amount of $400,000.00 (four hundred thousand dollars) plus costs and interest.

Respectfully submitted,

__/s/_Aleksandr Shubin ________________

Aleksandr Shubin, Esq., Bar # 17438
Malloy Law Offices, LLC
7910 Woodmont Avenue, Suite 1250
Bethesda, Maryland 20814
Telephone: 202-464-0727
Facsimile: 888-607-8691
aleks@Malloy-Law.com
*Attorney for Plaintiff*